IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Nick Cocora, <br><br> Plaintiff, <br><br> v. <br><br> DirecTV, Inc., <br><br> Defendant. | Civil Action No.: 2:13-cv-14672 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Nick Cocora, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Nick Cocora ("Plaintiff"), is an adult individual residing in Melvindale, Michigan, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant DirecTV, Inc. ("Direct"), is a California business entity with an address of 2230 East Imperial Highway, El Segundo, California 90245, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, Direct contacted Plaintiff on his cellular telephone in an attempt to advertise services they offered to Plaintiff.

7. At all times mentioned herein, Direct called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the calls from Direct, he heard a prerecorded message and there was not a live person to whom Plaintiff could speak.

9. The prerecorded message offered Plaintiff the opportunity to enlist in Direct's television service. The message provided Plaintiff with a phone number and instructed him to call such number if he wished to purchase their service.

10. Plaintiff had previously purchased television service from Direct, but had since canceled it, and was not interested in purchasing their service again.

11. Plaintiff was frustrated with the autodial calls and wished for them to stop. Since Plaintiff was not given an option to opt out of the calls, he contacted Direct through the number provided in the prerecorded message.

12. During such conversation, Plaintiff notified a representative from Direct that he was not interested in purchasing their service, and requested that the automated calls to his cellular telephone cease.

13. Despite Plaintiff revoking consent to be autodialed, Direct continued to harass Plaintiff with numerous ATDS calls to his cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Direct called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. Plaintiff either never provided express consent to Direct to call his cellular telephone number, or Plaintiff revoked his consent to be contacted by Direct on his cellular telephone by his demand to cease calling his cellular telephone.

17. Direct continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Direct was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Direct to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Direct constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

21.     As a result of each of Direct's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each of Direct's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 11, 2013

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Nick Cocora
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com